PER CURIAM.
This cause is before us on petition by respondent, seeking review of the Report of the Referee, dated July 20, 1973, filed with this Court on August 1, 1973.
The facts of the case, as taken from the Report of the Referee, are as follows:
The complaint against respondent charged him with the commencement of a law suit concerning property which he, in fact, owned, in the name of the complaining witness, one Alice Lehr, without her consent, or in the alternative, having her consent by coercion or duress. It was further charged that respondent failed to appear for his deposition after order of the court, which resulted in respondent being held in contempt of court in said lawsuit.
The central factual issue was the ownership of a certain stamp collection. In 1970, a lawsuit was commenced by Alice Lehr against the St. Pierre family in the Broward County Court of Record, the objective of the lawsuit being to recover damages of $1,000.00 for conversion of a stamp collection, and punitive damages of $9,000.00 from each defendant, plus attorney’s fees and court costs. Mrs. Lehr was represented by respondent.
The defendants answered the lawsuit by denying the allegation of conversion, and further alleging that the stamps were, in fact, owned by the respondent. Defendants then moved to take the deposition of respondent, and the court entered an Order authorizing the defendants to take respondent’s deposition. Respondent failed to appear for said deposition, and later filed, on behalf of Mrs. Lehr, a notice of dismissal of said lawsuit.
Subsequently, a motion for contempt was filed against respondent for failing to appear, and upon hearing, respondent was held in contempt and fined $200.00.
The Referee noted that The Florida Bar called as witnesses: a neighbor and former baby-sitter; the presiding judge in the Lehr vs. St. Pierre case; Mr. and Mrs. St. Pierre; and the complaining witness, Mrs. Lehr, the former housekeeper of respondent. The Referee found that the Bar’s evidence, if taken alone, indicated that respondent was, in fact, the owner of said stamp collection at all times; that Mrs. Lehr, by accident, had removed the stamp collection from respondent’s home after a domestic quarrel, and left it at a friend’s house, the St. Pierre’s. Thereafter, when the complaining witness and respondent reconciled, the stamps were returned by the St. Pierres to Mrs. Lehr. However, both Mrs. Lehr and respondent believed that the entire stamp collection was not returned.
When the St. Pierres failed to return all the stamps, respondent coerced Mrs. Lehr to bring the lawsuit in her name, when, in fact, he was the owner, for the purpose of avoiding a counterclaim. The Referee noted that the Bar had offered evidence showing that during the period the stamps were removed prior to the suit being commenced, respondent had harrassed the St. Pierres with phone calls, personal visits, investigators, and threats. The Referee noted that the lawsuit was dismissed by Mrs. Lehr, through the actions of respondent, when it became apparent that it would be established that respondent was the lawful owner.
As to how this case gave rise to the disciplinary proceedings herein involved, the Referee noted that the Bar’s evidence indicated that after another domestic argument between respondent and Mrs. Lehr, Mrs. Lehr filed a complaint with the Florida Bar initiating these proceedings. Prior, however, to the grievance committee taking the testimony of Mrs. Lehr, she and respondent had effectuated a reconciliation, and when she appeared before the grievance committee, she testified contrary to her previous complaint. However, the Referee noted that at the time of the Ref *58 eree’s hearing, Mrs. Lehr admitted to committing perjury on numerous instances before the grievance committee, as well as signing numerous affidavits and other statements which were false. She testified that she was never the owner of the stamp collection when the suit was brought in her name by respondent, that she consented to such suit only after the threat of being-evicted from her home. She further testified that thereafter respondent, through coercion, had her commit perjury before the grievance committee, and execute numerous written statements under oath, which were false.
In response, respondent’s version of the facts varied on the essential question of who was the owner of the stamps. Respondent, through his testimony and through numerous written documents admitted into evidence and signed by Mrs. Lehr, indicated that on June 14, 1970, respondent gave the stamp collection to Mrs. Lehr. Following this gift, respondent and Mrs. Lehr allegedly had a domestic argument, at which time she removed her belongings, including the stamp collection. Said stamp collection was left at the St. Pierres, and at sometime thereafter, the parties were reconciled. Only then did respondent, on behalf of the complaining witness, seek the return of the stamp collection. When same was not returned, he commenced the suit on August 26, 1970, on behalf of Mrs. Lehr.
Respondent testified that he did not own the stamp collection between the time he made the gift of the stamp collection and the time he recovered the stamp collection in a quasi-settlement agreement with Mrs. Lehr. Under this agreement, respondent again obtained ownership of the stamps. Respondent also denied any harrassment of the St. Pierres prior to the suit being commenced, and further denied an effort to cause the complaining witness to lie under oath or sign any false documents under oath. He argued that the whole incident arose out of his rejection of Mrs. Lehr, who had been his housekeeper for several years.
Based upon the foregoing evidence, the Referee made the following finding of facts:
First, that respondent was, in fact, the owner of the stamp collection, which was the subject matter of the lawsuit.
Second, that respondent never made a gift of said stamp collection during the time in question, and respondent’s contention that he did so make a gift was only a subterfuge to justify his action in bringing suit in the name of Mrs. Lehr.
Third, that said lawsuit was commenced under the name of Mrs. Lehr to avoid disclosure of his ownership of said stamps.
Fourth, that respondent, at the time the lawsuit was commenced, had Mrs. Lehr’s consent, which was not obtained through coercion or duress.
Fifth, that respondent knew that Mrs. Lehr intended to and did commit perjury before the grievance committee, and at subsequent times, by executing affidavits under oath which were false.
Sixth, that respondent did not display candor before the Referee during the proceedings.
Seventh, that respondent involved numerous innocent persons in trying to carry out his original scheme that he had made a gift of the stamp collection to Mrs. Lehr.
Based upon these findings of fact, the Referee made the following recommendation of guilt:
He found that respondent’s initial decision to bring the lawsuit in the name of Alice Lehr demonstrated poor judgment. However, he found that this was a minor infraction as compared to:
“ . . . the charade of deception which he practiced to carry this cover-up of his ownership of the stamp collection. The original decision of re *59 spondent to avoid any liability by bringing the suit in his housekeeper’s name against the defendants involves a misrepresentation on the court. His decision to dismiss the suit to avoid disclosure . was not in the best interest of his client. Thereafter, his participation in, or at least knowledge of, the perjury of Mrs. Lehr before the grievance committee constituted serious misconduct. His lack of candor continued throughout the proceedings before this Referee. In considering his overall actions, his conduct was detrimental to the administration of justice, and adversely reflected on his fitness to practice law.”
Accordingly, the Referee found the respondent guilty of violating Disciplinary Rule S-103, 32 F.S.A., Ethical Considerations 5-7, 32 F.S.A. and his oath as an attorney. The referee concluded that respondent was not guilty of violating disciplinary Rule 5-101 (A) as charged.
Finally, the Referee concluded that, although respondent was not charged in the amended complaint with violation of Disciplinary Rule 1-102(4) (5) and (6), it appeared that there was a violation of such, and respondent was found guilty of same.
Based upon the foregoing findings of fact and guilt, the referee recommended that the respondent be disbarred from the practice of law in Florida.
In his petition for review, respondent notes:
“Specifically, Appellant seeks review of the Referee’s Findings of guilt, the Referee’s determination of the sufficiency of the evidence to sustain said Findings, the Referee’s Finding of guilt for violation of a Disciplinary Rule which was not charged in the Complaint, and the Referee’s decision to believe the testimony of Alice Lehr, an admitted perjurer, instead of the sworn testimony and documentary evidence of the Appellant.”
Our careful consideration and analysis of the petition, the record, briefs and arguments of counsel leads us to the conclusion that the Referee’s findings are supported by sufficient evidence to demonstrate misconduct on the part of appellant, but it is our view that the weight of the evidence is not sufficient to justify disbarment or suspension from the practice of law.
Accordingly, it is the judgment of this Court that the appellant be publicly reprimanded and the publication of this order will constitute the public reprimand. It is the further order of this Court that the appellant be and is hereby required to pay the total costs of this proceeding in the amount of $1,027.62 within thirty days from the date of filing of this Order.
It is so ordered.
ADKINS, C. J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.